United States District Court
Southern District of Texas
**ENTERED**
February 26, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK ALLEN CROW, TDCJ #01984309, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1923 |
| DAVID MBUGUA, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Mark Allen Crow (TDCJ #01984309) has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Original Complaint")(Docket Entry No. 1), alleging that he received inadequate medical care for Hepatitis C while in prison. He has also filed an Amended Complaint (Docket Entry No. 10). The defendants (David Mbugua, Kwabena Owusu, Sandra Smock, Victoria Williams, and Patrick Muldowney) have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Defendants' Motion to Dismiss")(Docket Entry No. 19). Crow has filed an "Opposition Brief" in response (Docket Entry No. 20) and a "Motion for Leave to File [a Second] Amended Complaint" (Docket Entry No. 23). Crow has also filed a Motion for the Appointment of Counsel (Docket Entry No. 24). The pending motions are addressed briefly below.

I.  **BRIEF BACKGROUND**

Crow is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Terrell Unit in Rosharon, Texas.[1] Crow alleges that he has been refused treatment in the form of prescription medication known as "Harvoni" with deliberate indifference to a serious medical condition (i.e., Hepatitis C) by the following health care providers employed by TDCJ at the Terrell Unit: Nurse Practitioner David Mbugua, Dr. Kwabena Owusu, Registered Nurse Sandra Smock, Nurse Practitioner Victoria Williams, Physician's Assistant Patrick Muldowney, and Nurse Practitioner Adapbi Nwafor.[2]

Because Crow contends that the defendants have denied him adequate care in violation of the Eighth Amendment, the court requested an answer from the above-referenced defendants.[3] Mbugua, Owusu, Smock, Williams and Muldowney move to dismiss the complaint against them, asserting state official immunity under the Eleventh Amendment and arguing further that Crow's dissatisfaction with the level of care that he has received does not state a claim under the

---

[1] Original Complaint, Docket Entry No. 1, pp. 1, 4.

[2] Id. at 4-5; see also "[Statement of] Facts 1 Through 38," Docket Entry No. 1-2, pp. 2-10.

[3] Order to Answer, Docket Entry No. 13, pp. 1-2. In that same Order, the court declined to request an answer from several supervisory officials listed in Crow's pleadings. See id. at 4-5, ¶ 6.

Eighth Amendment.[4] The State Attorney General's Office has not filed a motion or answer on behalf of Defendant Nwafor. Because she is not employed by a state agency the Attorney General's Office is not authorized to accept service on her behalf.[5]

## II. **DISCUSSION**

### A. **Crow's Motion for Leave to Amend and the Motion to Dismiss**

Crow requests leave to file a Second Amended Complaint in an effort to cure some of the deficiencies outlined in the Defendants' Motion to Dismiss.[6] Rule 15(a) of the Federal Rules of Civil Procedure dictates that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has recognized that, while leave to amend is not automatic, "Rule 15 evinces a bias in favor of granting leave to amend." Goldstein v. MCI WordCom, 340 F.3d 238, 254 (5th Cir. 2003) (quoting S. Constructors Group, Ltd. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993)). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment,

---

[4]Defendants' Motion, Docket Entry No. 19, pp. 4-10.

[5]Id. at 1, n. 1.

[6]See Motion for Leave to File a Second Amended Complaint, Docket Entry No. 23, p. 2, ¶ 4.

etc. — the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 83 S. Ct. 227, 230 (1962).

Crow's Motion for Leave to File a Second Amended Complaint, which was submitted in response to the Defendants' Motion to Dismiss, does not appear to have been filed in bad faith. Although Crow has already filed an Amended Complaint, allowing another opportunity for leave to amend will not unduly prolong the litigation or prejudice the defendants, who have not filed a response to Crow's Motion. Under this court's local rules, the failure to respond to a motion is taken as a representation of no opposition. See S.D. Tex. L.R. 7.4 (eff. May 1, 2000). Therefore, the court will grant Crow leave to amend.

To the extent that the Defendants' Motion to Dismiss pertains to Crow's previously filed Original and first Amended Complaint, the Motion to Dismiss will be denied at this time without prejudice to reconsideration after the court has screened the proposed Second Amended Complaint as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A.

**B. The Motion for Appointment of Counsel**

Citing his lack of legal training and his status as an indigent inmate, Crow requests the appointment of counsel to represent him in this case.[7] There is no automatic constitutional

---

[7]See Declaration in Support of Plaintiff's Motion for the Appointment of Counsel, Docket Entry No. 25, p. 2.

right to appointment of counsel in civil rights cases. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Where a litigant proceeds in forma pauperis, the court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also Mallard v. United States District Court for the Southern District of Iowa, 109 S. Ct. 1814, 1823 (1989) (holding that the statute governing in forma pauperis cases does not authorize "coercive appointments of counsel" for indigent litigants in civil cases). Nevertheless, the court is not required to locate counsel for an indigent litigant unless a case presents exceptional circumstances, such as where an indigent plaintiff has colorable claims that will not receive a meaningful hearing without counsel. See Naranjo v. Thompson, 809 F.3d 793, 803 (5th Cir. 2015).

The issues in this case, which involve the provision of medical care for a chronic condition, are not factually or legally complex. Crow's pleadings are neatly typed and his motions are supported by appropriate authority,[8] showing that he understands the issues and that he has done a capable of representing himself thus far. To the extent that the claims concern medical treatment, it does not appear that a substantial amount of investigation will

---

[8] See Memorandum of Law in Support of Plaintiff's Motion for the Appointment of Counsel, Docket Entry No. 26, pp. 1-5.

be required. Crow does not otherwise show that his claims will not receive a meaningful hearing without trained counsel at this point. Although Crow notes that he has limited knowledge of the law, this is true of every pro se prisoner and does not, standing alone, constitute an exceptional circumstance.

After considering all of the pleadings filed to date, the court will deny Crow's request for counsel at this time. The court will reconsider whether counsel is necessary on its own motion after it has screened the Second Amended Complaint as required under 28 U.S.C. § 1915A.

### III. **CONCLUSION AND ORDER**

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Docket Entry No. 19) is **DENIED** at this time.

2. Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket Entry No. 23) is **GRANTED.**

3. The Clerk's Office shall file the proposed Second Amended Complaint (Docket Entry No. 23-1) as a separate docket entry.

4. Plaintiff's Motion for the Appointment of Counsel (Docket Entry No. 24) is **DENIED.**

5. The court does not request an answer to the Second Amended Complaint from any of the defendants at this time. The court will issue a new scheduling order, if necessary, after it has screened the Second Amended Complaint as required under 28 U.S.C. § 1915A and determines whether an answer is needed from the defendants.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 26th day of February, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE